AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

SOUTHERN District of New York

MATTHEW RUSSOMAN

V.

DEJ, LLC d/b/a Copper Door Tavern

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CV 00033

JUDGE PRESKA

TO: (Name and address of Defendant)

DEJ, LLC
96 Fifth Avenue, 5D
New York, New York 10011
    and
272 Third Avenue
New York, New York 10010

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                                JAN 0 3 2008

CLERK                                                 DATE

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

MATTHEW RUSSOMAN,                                        08 Civ.

                Plaintiff,                               **COMPLAINT**

        -against-                                    JURY TRIAL DEMANDED

DEJ, LLC d/b/a Copper Door Tavern,

                Defendant.

----------------------------------------------------------------x

    Plaintiff, by his attorneys, Jaroslawicz & Jaros, LLC, complaining of the defendants, upon information and belief, alleges as follows:

## THE PARTIES

1. At all times hereinafter mentioned, plaintiff is a citizen of the State of New Jersey.

2. At all times hereinafter mentioned, the defendant DEJ, LLC is a domestic limited liability company, duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business in the State of New York.

3. At all times hereinafter mentioned, the defendant DEJ LLC was doing business as Copper Door Tavern.

4. At all times hereinafter mentioned, the defendant DEJ LLC owned the Copper Door Tavern located at 272 Third Avenue, New York, New York.

5. At all times hereinafter mentioned, the defendant DEJ, LLC operated the Copper Door Tavern, which served, among other things, alcoholic and other beverages.

6. At all times hereinafter mentioned, the defendant DEJ, LLC maintained the Copper Door Tavern.

## JURISDICTION AND VENUE

7. That the amount in controversy exceeds the sum of $100,000, exclusive of interest and costs.

8. That this Court has jurisdiction over the parties by reason of diversity of citizenship and the amount in controversy, pursuant to 28 U.S.C. 1332.

9. Venue is properly placed in the United States District Court for the Southern District of New York since the occurrent took place resides herein, the defendant does business here, the witnesses are located here, and this is the most convenient place for the trial of this action.

## THE UNDERLYING FACTS

10. On or about March 23, 2007, plaintiff was a patron in the Copper Door Tavern.

11. Due to the defendant's recklessness, carelessness and negligence, plaintiff was caused to suffer severe and permanent personal injuries when he was assaulted.

## AS AND FOR A FIRST CLAIM FOR RELIEF

12. The defendant, by its agents, servants and/or employees was reckless, careless and negligent, in failing to have efficient and sufficient personnel; in serving liquor to intoxicated persons; in failing to have a bouncer or security person on the premises; in failing to warn persons; in creating a trap, a hazard and a nuisance; in failing to protect plaintiff from personal attack when

it knew or should have known that a third person was likely to endanger plaintiff's safety; failure to control the criminal conduct of a third person when it had the opportunity to control the third person; failure to control the criminal conduct of a third person when it knew or should have known of the necessity to control the conduct of the third person; in failing to provide protection for patrons inside and outside the premises; in failing to hire adequate security to keep patrons safe; in failing to properly train security personnel to keep patrons safe; in permitting underage persons to hang out at the premises; in permitting plaintiff to be assaulted; in failing to take proper action despite prior notice of numerous assaults; in creating a trap, a hazard and a nuisance; in serving alcoholic beverages to persons who were underage; in violating the applicable laws, rules and regulations, including General Obligations Law § 11-101 and §65 of the Alcoholic Beverages Control Board Law; and the defendant was otherwise reckless, careless and negligent.

13. As a result of the defendant's negligence, plaintiff was caused to suffer severe and permanent personal injuries to his head and other parts of the body, including left orbital tripod fracture requiring microplate and medpor implant; loss of consciousness; numbness on left side of face; hypesthesia along left infraorbital nerve; swelling; ecchymosis; subconjunctive hemorrhage; extreme pain and suffering; plaintiff required hospital and medical care and attention and will require such care and attention in the future; unable to attend to usual duties and vocation; cosmetic deformity; and plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

14. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

WHEREFORE, plaintiff demands judgment against the defendant, to recover for all of his damages, all together with the costs and disbursements of this action.

>JAROSLAWICZ & JAROS, LLC
>Attorneys for Plaintiff
>225 Broadway, 24th Floor
>New York, New York 10007
>(212) 227-2780
>
>By: _____
>David Jaroslawicz (6931)

*Law Offices of*
**JAROSLAWICZ & JAROS, LLC**

---

08 Civ.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW RUSSOMAN,

       Plaintiff,

-against-

DEJ, LLC d/b/a Copper Door Tavern,

       Defendant.

---

Summons & Complaint

JURY TRIAL DEMANDED

---

Law Offices of
Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780