UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
MATTHEW RUSSOMAN,       Index # 08-CV-00033
     (LAP) (DFE)
          Plaintiff,

     ANSWER
   -against-

DEJ, LLC d/b/a Copper Door Tavern,      Jury Trial Demanded

          Defendant.

----------------------------------------X

The defendant, DEJ, LLC d/b/a Copper Door Tavern, by its attorneys, AHMUTY, DEMERS & McMANUS, ESQS., as and for its answer to the plaintiff's complaint, alleges upon information and belief:

## THE PARTIES

FIRST: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "1" of the complaint.

SECOND: Admits the allegations contained in paragraph designated "2" of the complaint.

THIRD: Admits the allegations contained in paragraph designated "3" of the complaint.

FOURTH: Admits the allegations contained in paragraph designated "4" of the complaint.

FIFTH: Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "5" of the complaint.

SIXTH:    Denies having knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph designated "6" of the complaint.

## JURISDICTION AND VENUE

SEVENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "7" of the complaint.

EIGHTH:    Denies upon information and belief each and every allegation contained in paragraph designated "8" of the complaint and refers all questions of law to this Honorable Court.

NINTH:    Denies upon information and belief each and every allegation contained in paragraph designated "9" of the complaint and refers all questions of law to this Honorable Court.

## THE UNDERLYING FACTS

TENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "10" of the complaint.

ELEVENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "11" of the complaint and refers all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO A FIRST CLAIM FOR RELIEF

TWELFTH:    Denies upon information and belief each and every allegation contained in paragraph designated "12" of the complaint and refers all questions of law to this Honorable Court.

THIRTEENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "13" of the complaint.

FOURTEENTH:    Denies upon information and belief each and every allegation contained in paragraph designated "14" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FIFTEENTH: That the personal injuries and/or damages alleged to have been sustained by the plaintiff were caused entirely or in part through the culpable conduct of the plaintiff, without any negligence on the part of the answering defendant and the answering defendant seeks a dismissal or reduction in any recovery that may be had by the plaintiff in the proportion which the culpable conduct, attributable to the plaintiff, bears to the entire measure of responsibility for the occurrence.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SIXTEENTH: That the plaintiff assumed the risk related to activity causing the injuries sustained.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

SEVENTEENTH: If any damages are recoverable against said defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

EIGHTTEENTH: Plaintiff's complaint is barred in whole or in part because any conduct of answering defendant was not the proximate cause of any damages allegedly sustained.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

NINETEENTH: Plaintiff's complaint is barred in whole or in part for failure to state a claim upon which relief may be granted.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTIETH: While the answering defendant denies plaintiff's allegations of

negligence, liability, statutory liability, strict liability, injury and damages, if proven, they were the result of intervening and/or interceding acts or superseding negligence, liability, statutory liability, strict liability on the part of the parties over which the answering defendant neither controls nor has the right to control, and for which acts or omissions the answering defendant is not legally responsible.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST:    Upon information and belief, if plaintiffs sustained the injuries alleged in their complaint, then such injuries were not the result of the answering defendant's action or inaction, but rather were the result of intervening and/or superseding acts or occurrences over which the answering defendant did not have control.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

TWENTY-SECOND:  To the extent that the plaintiff's injuries, if any, were caused by intervening and superseding causes of factors, the plaintiff's claims should be barred.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

TWENTY-THIRD:   While denying the existence of any duty owed by it to the plaintiff, to the extent that any such duty is deemed to have been owed by this defendant to the plaintiff, this defendant did not breach any such duty.

### RESERVATION OF AFFIRMATIVE DEFENSES

TWENTY-FOURTH:         Defendant, DEJ, LLC d/b/a Copper Door,  reserves the

right to interpose such additional defenses that further discovery in this matter may disclose.

WHEREFORE, the defendant, DEJ, LLC d/b/a Copper Door Tavern, demands judgment dismissing the plaintiff's complaint on the merits; together with the costs and disbursements of this action.

Dated: Albertson, New York
      February 13, 2008

                                    BY:  NEIL J. PALMIERI (NP 2926).
                                    AHMUTY, DEMERS & McMANUS, ESQS.
                                    Attorneys for Defendant
                                    DEJ, LLC d/b/a Copper Door Tavern
                                    200 I.U. Willets Road
                                    Albertson, NY   11507
                                    (516) 294-5433
                                    Our File No.: MS2005208PJM

**CERTIFICATE OF SERVICE**

      NEIL J. PALMIERI, the attorney of record for defendant, DEJ, LLC d/b/a Cooper Door Tavern, hereby certifies that on the date shown below, one copy of the foregoing ANSWER and STATEMENT PURSUANT TO RULE 7.1 was caused to be served by first class mail, postage prepaid upon:

Jaroslawicz & Jaros, LLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York  10007


Dated:  Albertson, New York
        February 13, 2008

                                          BY:  NEIL J. PALMIERI (2926)
                                          AHMUTY, DEMERS & McMANUS, ESQS.
                                          Attorneys for Defendant
                                          DEJ, LLC d/b/a Cooper Door Tavern
                                          200 I.U. Willets Road
                                          Albertson, NY   11507
                                          (516) 294-5433
                                          Our File No.: MS2005208PJM